**ROYCE INTERNATIONAL BROADCASTING COMPANY,** Petitioner

v.

**FEDERAL COMMUNICATIONS COMMISSION, Respondent.**

No. 11–1270.

United States Court of Appeals, District of Columbia Circuit.

June 12, 2012.

Mark F. Dever, Esquire, Drinker Biddle & Reath LLP, Washington, DC, for Petitioner.

C. Grey Pash, Jr., Pamela Louise Smith, Richard Kiser Welch, Federal Communications Commission (FCC) Office of General Counsel, Washington, DC, for Respondent.

Before: BROWN and GRIFFITH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record, briefs, and oral arguments of the parties. The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition of Royce International Broadcasting Company for review of the June 27, 2011 order of the Federal Communications Commission be denied. In that order, the Commission denied Royce's petition to reconsider an earlier decision not to grant Royce additional time to file an application for review. Royce argues that it missed the thirty-day deadline to seek review of the decision of the Commission's Media Bureau because of a misunderstanding with its former counsel. But this Court "has held often enough that the Commission does not abuse its discretion when it 'declines to entertain a late-filed petition in the absence of extenuating circumstances prohibiting a timely filing.'" *BDPCS, Inc. v. FCC,* 351 F.3d 1177, 1184 (D.C.Cir.2003) (quoting *21st Century Telesis Joint Venture v. FCC,* 318 F.3d 192, 200 (D.C.Cir. 2003)). And both this Court and the Commission have consistently held that error by counsel is not an extenuating circumstance justifying waiver of a filing dead-

line. *See NetworkIP, LLC v. FCC,* 548 F.3d 116, 126 (D.C.Cir.2008); *Virgin Islands Tel. Corp. v. FCC,* 989 F.2d 1231, 1237 (D.C.Cir.1993); *Hillebrand Broad., Inc.,* 1 FCC Rcd. 419, 419 n. 6 (1986).

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.